# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **SHANE DERAY HODNETT,** | |
| Petitioner, | Case No. 7:19CV00744 |
| v. | **OPINION** |
| **COMMONWEALTH OF VIRGINIA,** | By: James P. Jones |
| | United States District Judge |
| Respondent. | |

*Shane DeRay Hodnett, Pro Se Petitioner.*

Shane DeRay Hodnett, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He challenges his confinement pursuant to a May 1, 2019, judgment of the Roanoke City Circuit Court, revoking his probation. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice for failure to exhaust available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner

still has available state court proceedings in which he can litigate his habeas claims, a federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Hodnett's time for a direct appeal has expired. *See* Va. Sup. Ct. R. 5:9(a) (providing that notice of appeal must be filed within 30 days from entry of trial court judgment). For claims of ineffective assistance of trial counsel such as Hodnett alleges, however, he may file a petition for a writ of habeas corpus in the circuit court where he was sentenced, and if relief is denied, he may then file a habeas appeal to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). In the alternative, he may file his initial state habeas corpus petition directly in the Supreme Court of Virginia, instead of in the circuit court. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court habeas remedies, a petitioner must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254 or grant relief.

On the face of Hodnett's § 2254 petition, he states that he has not filed a habeas corpus petition in any state court since he was sentenced in state court. Court records available online also do not indicate that he has filed a habeas petition in any state court. Because state court habeas corpus remedies remain available to him, he has not yet fulfilled the exhaustion requirement in 28 U.S.C. § 2254(b). For this

reason, I must dismiss his § 2254 petition without prejudice to allow him to exhaust state court remedies.[1]

A separate Final Order will be entered herewith.

DATED: November 12, 2019

/s/ James P. Jones
United States District Judge

---

[1] Hodnett is advised that the time to file a state court habeas petition is limited under state law. Va. Code Ann. § 8.01-654(A)(2).